UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA CAROLE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LELAND DUDEK, Acting Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | Case No. 1:21-cv-01492-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 20-22) |

**INTRODUCTION**

Plaintiff Tonya Carole Williams ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income under Title XVI of the Social Security Act. The parties' briefing on the motion was submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for findings and recommendations. (Docs. 20-22.) Having considered the parties' briefs, along with the entire record in this case, the Court finds that the decision of the Administrative Law Judge ("ALJ") was not

---

[1] Leland Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted for Kilolo Kijakazi as Defendant in this suit.

supported by substantial evidence in the record and was not based upon proper legal standards. Accordingly, this Court will recommend reversing the agency's determination to deny benefits.

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff applied for Title XVI Supplemental Security Income on March 4, 2019, alleging that she became disabled on January 1, 2019.  AR 225-233. [2]  The claim was denied initially on June 17, 2019, and on reconsideration on December 4, 2019.  AR 94-97; 104-109.  Plaintiff requested a hearing before an administrative law judge ("ALJ") and ALJ William Bezego held a hearing on February 11, 2021.  AR 39-64.  ALJ Bezego issued an order denying benefits on the basis that Plaintiff was not disabled on March 3, 2021.  AR 7-23.  Plaintiff sought review of the ALJ's decision, which the Appeals Council denied.  AR 1-8.  This appeal followed.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.  AR 7-23.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of February 22, 2019.  AR 12.[3]  The ALJ identified the following severe impairments: affective disorder, anxiety disorder, post-traumatic stress disorder (PTSD), and history of substance abuse.  *Id.*  The ALJ also identified the nonsevere impairment of obesity.  *Id.*  The ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments.  AR 13.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.
[3] The ALJ states that Plaintiff's application date was February 22, 2019, though the Application Summary for Supplemental Security Income indicates that Plaintiff applied on March 4, 2019.  AR 225-233.

2

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the nonexertional limitations requiring the performance of only routine repetitive tasks; only occasional judgment, decision-making, and workplace changes; only occasional interaction with public, coworkers, and supervisors; and the ability to maintain concentration, persistence, and pace for extended periods on simple job tasks but not complex job tasks. AR 13-14. The ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," as well as "medical opinion(s) and prior administrative medical finding(s)." AR 14.

The ALJ found that Plaintiff had no past relevant work; that Plaintiff was a younger individual on the application date; that Plaintiff had a limited education; and that transferability of job skills was not an issue because Plaintiff did not have past relevant work. AR 17-18. Given Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 18. The ALJ noted that examples of jobs consistent with Plaintiff's age, education, work experience, and residual functional capacity included: (1) Auto Detailer (DOT No. 915.687-034, medium, unskilled, with 40,000 jobs nationally); (2) Packer of Agricultural Producer (DOT No. 920.687- 134; medium, unskilled; with 10,000 jobs nationally); and (3) Housekeeping Cleaner (DOT No. 323.687-014, light, unskilled, with 220,000 jobs nationally). *Id.* The ALJ therefore concluded that Plaintiff had not been disabled from the application date of February 22, 2019, through the date of the decision. *Id.*

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be

3

considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[4]

Plaintiff argues that the ALJ erred by failing to adopt or properly reject the limitations opined by physicians that the ALJ found persuasive. (Doc. 20 at 10-13, Doc. 22 at 1-2.) Plaintiff further argues that the ALJ erred by failing to provide clear and convincing reasons for discounting Plaintiff's subjective symptoms. (Doc. 20 at 13-16, Doc. 22 at 3.)

**A. Plaintiff's Subjective Complaints**

Plaintiff contends that the ALJ committed harmful error by failing to provide clear and convincing reasons for rejecting Plaintiff's testimony. (*Id.*) In deciding whether to admit a claimant's

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of her impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 15. However, the ALJ discounted Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms, noting that the statements were not consistent with medical evidence and other evidence in the record. *Id*. The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

First, the ALJ found that Plaintiff's allegations were not fully consistent with the medical records. AR 14-17. Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Here, the ALJ noted:

> the claimant's allegations of disability are not supported. The claimant alleges disability due to mental impairments but there is no record of any psychiatric hospitalizations, or hospitalizations of any kind, during the period under consideration. Outpatient mental health treatment records show objective signs and findings on mental status examinations that were often generally unremarkable aside from mood and affect disturbances (e.g., Exhibits B6F/3, 4; B7F/13, 14; B8F/43, 44)…

AR 17. The ALJ additionally summarized Plaintiff's treatment notes. AR 14-17. In doing so, the ALJ appropriately contrasted the medical record with Plaintiff's more extreme allegations. For instance, the ALJ highlighted the relatively normal findings in mental health treatment records. AR 22; 514-13 (December 2020 report noting mood was dysphoric, overwhelmed, anxious, and sad and

5

thought included auditory hallucinations, paranoid ideation, and visual hallucinations, but sleep and appetite were adequate, speech was normal, behavior was cooperative, thought processes were goal-oriented, coherent, and logical; insight and judgment were fair; memory was good; and attention/concentration was intact; and orientation was "oriented"); 721-22 (September 2019 report noting mood was angry, dysphoric, frustrated, overwhelmed, anxious, volatile, and irritable, but normal findings for grooming, speech, eye contact, psychomotor, behavior, affect, thought process, insight, judgment, memory, attention/concentration, intelligence, and orientation). The ALJ therefore appropriately used the lack of supporting medical evidence as one factor in discounting Plaintiff's symptoms testimony.

Second, the ALJ highlighted inconsistent statements between Plaintiff's testimony and the record. AR 17. In evaluating a claimant's subjective pain and symptom testimony, an ALJ may consider ordinary techniques of credibility evaluation, including inconsistent statements, symptom exaggeration, and lack of cooperation during consultative examinations. *See, e.g., Moreno v. Comm'r of Soc. Sec.*, No. 1:19-cv-01580-SAB, 2021 WL 84376, at *6 (E.D. Cal. Jan. 11, 2021) (citations omitted); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (concluding ALJ properly discredited claimant's testimony, including citing her "lack of cooperation at the hearing, her presentation at the hearing, her tendency to exaggerate, her inconsistent statements, and her lack of cooperation during consultative examinations").

However, The Ninth Circuit has noted that the March 2016 Social Security Ruling 16-3p "makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). Courts have applied this in finding that ALJ's use of inconsistencies in discounting symptoms testimony must be related to claimants' abilities to perform work-related activities. For instance, a district court held that an ALJ erred where the ALJ had relied upon inconsistent statements in discounting symptoms testimony. *Ryan D. v. Comm'r of Soc. Sec. Admin.*, No. 6:19-CV-00269-HZ, 2021 WL 2179260, at *7

1  (D. Or. May 28, 2021). In *Ryan D.*, the ALJ identified statements including "Plaintiff's admission that
2  he performed work in 2014 that he failed to report in his application, his statement about whether he
3  went to the hospital immediately after his 2013 car accident or twelve days later, his statements about
4  the reason he did not complete physical therapy, and whether he received neck injections following his
5  2013 car accident" in discounting the plaintiff's symptoms testimony. *Id.* The court emphasized that
6  the ALJ erred by rejecting "Plaintiff's subjective symptom testimony because the ALJ found Plaintiff
7  to be untruthful" rather than explaining "how those statements related to the intensity, persistence, and
8  limiting effects of his symptoms." *Id; see Lindberg v. Berryhill*, No. ED CV 18-18-PLA, 2018 WL
9  5629306, at *6 (C.D. Cal. Oct. 30, 2018) ("the ALJ's 'analysis' runs contrary to the mandate of SSR
10 16-3p as the focus was on plaintiff's overall character or truthfulness. In any event, even if plaintiff
11 inconsistently said he had been in remission for 10 years or for 6 years, that inconsistency does not
12 impact on his testimony regarding how his symptoms limit his ability to perform work-related
13 activities.").
14          Here, the ALJ noted that Plaintiff "testified that she has no friends and has not had a boyfriend
15 in many years, but there are references throughout the file to the claimant being in a relationship." AR
16 17; 54 (Q. And when's the last time you had a boyfriend? A. When I was homeless, like, six years
17 ago. It was -- I had a boyfriend and he robbed me all the time. And I stopped seeing him.); 504
18 (September 2019 report noting that case management met with Plaintiff and her boyfriend and
19 gathered information from Plaintiff and her boyfriend); 528 (December 2020 Zoom visit report in
20 which Plaintiff reported that her boyfriend passed an illness along to her as he was sick). The ALJ
21 further noted that Plaintiff "specifically denied ever having a drug or alcohol problem, which is
22 strongly contradicted by the record (e.g. Exhibit B4F)." *See* AR 17; 58 (Q. And you said you never,
23 have you ever had a drug or an alcohol problem? A. No. Q. Never in your life? A. No.); 365 (Plaintiff
24 "at 18 began using drugs… reported using meth everyday till the age 25"). However, the ALJ does
25 not explain the connection between these inconsistent statements and the intensity, persistence, and
26 limiting effects of Plaintiff's symptoms, and instead appears to use these statements as part of a
27 broader credibility determination. The ALJ's use of these statements is therefore an insufficient basis
28

for discounting Plaintiff's symptoms testimony pursuant to Social Security Ruling 16-3p. *See Ryan D.*, 2021 WL 2179260, at *7; *Lindberg*, 2018 WL 5629306, at *6.

Third, the ALJ noted that there "were some periods of increased symptoms, but also references to not taking or running out of medications" and that Plaintiff "testified that her medications are helpful, although admitted that she is not always complaint and forgets to take them." AR 17. An ALJ may consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" in credibility evaluations. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). However, the Ninth Circuit has "particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–300 (9th Cir. 1999) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)); *see also Amador v. Kijakazi*, No. 1:19-cv-01653-HBK, 2022 WL 134920, at *6 (E.D. Cal. Jan. 14, 2022) ("where the evidence suggests lack of mental health treatment is part of a claimant's mental health condition, it may be inappropriate to consider a claimant's lack of mental health treatment.").

Here, Plaintiff's failure to seek further treatment or to follow a prescribed course of treatment is explained by her symptoms. For instance, a November 2018 assessment notes that per Plaintiff's history, her "symptoms of anhedonia limits her ability to seek out medical attention" and her "level of intellectual functioning also hinders her ability to retain information given in regards to medical advice and/or recommendations." AR 364; *see* AR 588 (August 2020 Targeted Case Management Note stating Plaintiff "endorses symptoms of depressed mood (lack of motivation/energy) making it difficult for her to schedule appointments independently"); 717 (October 2019 mental health service note noting under "Impairments Experienced and Observed" that Plaintiff's "symptoms of Anxiety (Feeling Overwhelmed) make it difficult for the client to effectively attend her appointments.") As Plaintiff's failure to follow the prescribed course of treatment or attend all appointments are explained by her symptoms, failure to seek treatment was not a proper basis for discounting Plaintiff's symptoms testimony.

Defendant argues that Plaintiff was not so mentally ill that she was incapable of making reasoned decisions about treatment and that the record does not contain evidence that Plaintiff had difficulty understanding her treatment or that her impairments caused her noncompliance. (Doc. 21 at 9.) However, reports in the record note that Plaintiff's mental impairments hindered her ability to attend appointments and follow medical advice. AR 364, 588, 717. Defendant additionally suggests that "Plaintiff's repeated treatment visits show that she understood and appreciated the benefit of treatment," but this suggestion also cuts against the rationale that Plaintiff failed to seek treatment. (*See* Doc. 21 at 9.) Defendant's argument that the ALJ appropriately discounted Plaintiff's symptoms testimony based upon failure to seek treatment is therefore unavailing.

In discussing Plaintiff's noncompliance, Defendant also suggests that Plaintiff's impairments were effectively controlled with medication. (Doc. 21 at 9.) Defendant contends that Plaintiff reported improvement when compliant with treatment but worsening symptoms when she was not compliant. (*Id.*) "Impairments that can be controlled effectively with medication are not disabling." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also* 20 C.F.R. § 404.1529(c)(3)(iv), (v) (medication effectiveness and treatment history are relevant factors for evaluating a claimant's symptom testimony). However, while Defendant now advances this rationale, it is unclear from the ALJ's analysis whether the ALJ utilized effective control of impairments as a basis for discounting Plaintiff's symptoms testimony. AR 15-17. Instead, it appears that the ALJ discussed Plaintiff's medications in summarizing the medical record and contrasting Plaintiff's symptoms allegations with the objective medical evidence. *Id.* The Ninth Circuit has noted that "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). The Court therefore may not attempt to intuit the ALJ's reasoning in discounting Plaintiff's symptoms testimony.

Additionally, while the ALJ's summary of Plaintiff's treatment indicates some improvement with medication, the ALJ also acknowledges some issues remained regarding Plaintiff's mental health impairments. *Id.* This is reflected in the cited treatment notes, which show some improvements but

9

also continued modifications of Plaintiff's prescriptions and lingering symptoms. *Id., see* AR 453 (June 2019 Psychiatric Visit report noting that "risperidone helps a little bit with the voices, but 'it's not totally in control"); 463 (July 2019 Psychiatric Visit report noting increasing risperidone and chlorpromazine and continuation of propranolol and that "chlorpromazine doesn't work for her sleep… The voices 'get really bad at night.' She still hears the voices during the day, just not as much. She has been sad over the last few days, unsure why. No crying episodes, no SI/HI. She has been sleeping during the day.") Thus, Plaintiff's argument that the ALJ used effective control of impairments to discount Plaintiff's symptoms testimony is unavailing.

As the ALJ failed to utilize or articulate proper bases for evaluating Plaintiff's symptoms testimony beyond the lack of supporting medical evidence, the ALJ erred in assessing Plaintiff's symptoms. *Burch*, 400 F.3d at 681.

**B. Remedy**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted). On remand, the ALJ should specifically address Plaintiff's symptoms testimony.

Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument that the ALJ erred in evaluating the physician opinions. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff

10

raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised.").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be GRANTED;
2. The agency's determination to deny benefits be REVERSED; and
3. The Clerk of this Court be directed to enter judgment in favor of Plaintiff Tonya Carole Williams and against Defendant Leland Dudek, Acting Commissioner of Social Security.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered**. The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 27, 2025**__        /s/ *Barbara A. McAuliffe*___
                                   UNITED STATES MAGISTRATE JUDGE